UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Chapter 7

Jennifer Jean Sullivan,                                         Case No. 16-54737
a/k/a Jennifer Jean Mccarthy,
                                                                Hon. Phillip J. Shefferly
          Debtor.
_____/

**ORDER DISALLOWING FEE PAID BY
DEBTOR TO BANKRUPTCY PETITION PREPARER**

On October 28, 2016, the Debtor filed this Chapter 7 case pro se. On the same day, the Debtor filed a declaration (ECF No. 5) stating that she had assistance in preparing her bankruptcy documents from American Bankruptcy Company. The declaration was not signed by American Bankruptcy Company, nor were any of the other documents filed in this case signed by American Bankruptcy Company.

On November 8, 2016, the Court entered an order ("November 8 Order") (ECF No. 15) that required the Debtor to file another declaration disclosing any compensation paid by the Debtor to American Bankruptcy Company, signed both by the Debtor and by American Bankruptcy Company, and file an official bankruptcy form 119 signed by both the Debtor and by American Bankruptcy Company. The Court set a deadline of November 30, 2016 for the Debtor to file those documents.

On November 29, 2016, the Debtor filed a letter (ECF No. 18) in which she explains that she paid $249.00 to American Bankruptcy Company. The Debtor's letter further explains that

the Debtor has made numerous attempts to contact American Bankruptcy Company to have it sign the forms required to be filed in the Debtor's bankruptcy case as described in the November 8 Order. The Debtor's letter also states that the Debtor has asked American Bankruptcy Company why it charged more than $100.00 and why the forms provided by American Bankruptcy Company are outdated, but the Debtor did not receive any response.

The Court is satisfied with the efforts made by the Debtor to comply with the November 8 Order. But the Court is wholly unsatisfied with the conduct of American Bankruptcy Company.

American Bankruptcy Company charged the Debtor a fee 2-1/2 times the maximum fee allowable by a bankruptcy petition preparer in this district. Administrative Order 10-21 entered by the Court on April 20, 2010 fixes a presumptive maximum allowable fee chargeable by a bankruptcy petition preparer at $100.00. Any bankruptcy petition preparer seeking a fee in excess of that amount must file a motion accompanied by an affidavit that explains the reasons why the fee is in excess of the presumptive maximum allowable fee. American Bankruptcy Company did not do so.

A review of the file shows that the fee of $249.00 paid by the Debtor to American Bankruptcy Company far exceeds the reasonable value of the services rendered. American Bankruptcy Company provided the Debtor with outdated forms, refused to sign the declarations required for a debtor filing bankruptcy without an attorney and with the assistance of a bankruptcy petition preparer and failed to sign the documents that it assisted in preparing. By any measure, the fee of $249.00 charged by American Bankruptcy Company to the Debtor exceeds the reasonable value of its services.

The conduct of American Bankruptcy Company, as described in the Debtor's letter, and as observed by the Court in its own review of this file, leaves the Court with the firm impression that American Bankruptcy Company is acting unlawfully and that it victimizes the persons that it is ostensibly "assisting." For now, the Court will only enter this order disallowing American Bankruptcy Company's fee in this case, but the Court encourages the United States Trustee to further look into American Bankruptcy Company's conduct both in this case as well as any others that it may be involved in, to determine whether some stronger remedial action should be taken. Accordingly,

**IT IS HEREBY ORDERED** that the Court finds that the Debtor has complied with the November 8 Order.

**IT IS FURTHER ORDERED** that the Court waives the requirements in the November 8 Order that the Debtor file another declaration and a complete official form 119. Notwithstanding the absence of those required documents, this case may proceed.

**IT IS FURTHER ORDERED** that the Court finds American Bankruptcy Company has: (1) violated § 110(b)(1) of the Bankruptcy Code by failing to sign the documents it prepared; (2) violated § 110(c) of the Bankruptcy Code by failing to provide the required identification information; (3) failed to provide the Debtor with current official forms; (4) failed to comply with Administrative Order 10-21; and (5) failed to sign the documents required by the November 8 Order.

**IT IS FURTHER ORDERED** that the fee of $249.00 paid by the Debtor to American Bankruptcy Company is disallowed, and American Bankruptcy Company is ordered to

immediately turn over that sum to the Chapter 7 bankruptcy trustee pursuant to § 110(h)(3)(A)(i) of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that this order is without prejudice to the rights of the Debtor, the United States Trustee, or any other party to seek relief against American Bankruptcy Company under § 110 of the Bankruptcy Code or otherwise.

.

**Signed on December 14, 2016**

                                         **/s/ Phillip J. Shefferly**
                                         **Phillip J. Shefferly**
                                         **United States Bankruptcy Judge**